**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

In re:

ROTHSTEIN ROSENFELDT ADLER, P.A.,[1]     Case No. 09-34791-BKC-RBR
                                       Chapter 11

     Debtor.
_____/

HERBERT STETTIN, Chapter 11 Trustee,
                                      Adv. Pro. No.

     Plaintiff,

v.

ROGER STONE and  DRAKE VENTURES, LLC.,
A Foreign Limited Liability Company,

     Defendants.
_____/

**COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS OF**
**PROPERTY AND TURNOVER OF PROPERTY OF THE ESTATE**

     Plaintiff, Herbert Stettin, the Chapter 11 Trustee ("Trustee" or "Plaintiff") of Rothstein,

Rosenfeldt Adler, P.A. ("RRA"), sues the Defendants, Roger Stone and Drake Ventures, LLC

(the "Defendants")[2] to (i) avoid and recover preferential and fraudulent transfers, and (ii)

turnover of property of the estate, and in support states:[3]

_____

[1] The address and last four digits of the taxpayer identification number of the debtor is 6600 N.W. 16th Street, Suite 11, Plantation, FL 33313 (TIN 7961).

[2] In compliance with Fed. R. Bankr. P. 7020 and Local Rule 7003-1(D) regarding the joinder of multiple parties in a single filed complaint, the factual underpinnings that establish liability for each of the named defendants is inextricably intertwined and stems from the same series of transactions or occurrences, along with common questions and issues of law and fact.

[3] Plaintiff reserves the right to bring additional claims against the Defendants and nothing contained herein shall be deemed a waiver of any rights or causes of action that the Trustee or the estate may have against the Defendants. Also, to the extent that any of the Defendants have filed proofs of claim or have a claim listed on the Debtor's schedules as undisputed, liquidated, and not contingent, or have otherwise requested payment from the Debtor or the Debtor's chapter 11 estate (collectively, the "Claims"), Plaintiff reserves the right to object to such Claims for any reason including, but not limited to, 11 U.S.C. § 502(a) through (j), and this Complaint is not intended to be, nor should it be construed as a waiver of such right.

## JURISDICTION AND VENUE

1.      This adversary proceeding is brought by the Trustee to recover fraudulent transfers pursuant to Sections 544, 548 and 550 of the Bankruptcy Code, Sections 726.105 and 726.106 of the Florida Statutes and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.      This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES AND PROCEDURAL BACKGROUND

4.      RRA is a Florida professional services corporation, formed on February 7, 2002 by Scott W. Rothstein ("Rothstein") and Stuart A. Rosenfeldt ("Rosenfeldt").  Prior to November 2, 2009, Rothstein was the Chief Executive Officer, managing partner and a 50% shareholder of RRA.  Rosenfeldt was the President and the other 50% shareholder of RRA.

5.      On November 10, 2009 (the "Petition Date"), an Involuntary Petition for Relief was filed against RRA.  [D.E. 1].  On November 25, 2009, RRA consented to the Involuntary Petition for Relief.  [D.E. 57].  On November 30, 2009, the Court entered an Order for Relief on the filing of a Petition for Involuntary Bankruptcy.  [D.E. 66].

6.      On November 20, 2009, the Office of the United States Trustee filed a Notice Appointing Herbert Stettin as Trustee of RRA.  [D.E. 35].  On November 25, 2009, this Court entered an order ratifying the appointment of Stettin as Trustee.  [D.E. 55].

7.      Defendant Roger Stone ("Stone") is an individual and resident of Miami–Dade County, Florida.

2

8.     Defendant Drake Ventures, LLC ("Drake"), is a Delaware Limited Liability Company authorized to transact business in the State of Florida.  Drake is owned or controlled entirely by Stone.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.     On November 2, 2009, Rosenfeldt initiated a lawsuit in Broward County Circuit Court (Case No. 09-059301)("Receivership Action") on behalf of RRA and himself for judicial dissolution of the firm, an accounting, and appointment of a receiver, pursuant to Sections 607.1430(3), 607.1431 and 607.1432 of the Florida Statutes.

10.     In the Receivership Action Complaint, Rosenfeldt and RRA alleged that Rothstein had engaged in multiple wrongful acts, including fabricating nonexistent legal settlements and orchestrating a substantial misappropriation of funds from investor trust accounts titled in the name of RRA.

11.     On December 1, 2009, the United States of America commenced a criminal case against Rothstein (the "Criminal Case") by charging Rothstein with a five count criminal Information.[4]  On January 27, 2010, Rothstein pled guilty to all counts in the Information (the "Plea Agreement") [D.E. 69, *Criminal Case*].

12.     In the Plea Agreement, Rothstein admitted to conspiring with others to use RRA as a criminal enterprise to conduct a pattern of illegal activity.

13.     On June 9, 2010, Rothstein was sentenced to 50 years in the custody of the Bureau of Prisons.

---

[4] *USA v. Rothstein*, 09-cr-60331-JIC, [D.E. 1] (S.D. Fla. December 1, 2009).

14.    Beginning in 2005, Rothstein initiated a scheme to induce "investors" to loan money to RRA in return for what Rothstein termed "outrageous interest," guaranteed by RRA.[5]

15.    In addition to this scheme, Rothstein also solicited "investors" to enter into agreements with RRA and fictitious RRA clients regarding the transfer of the fictitious clients' rights to settlement proceeds RRA was allegedly holding in trust.  Pursuant to these settlement agreements, the fictitious plaintiffs purportedly agreed to transfer their rights to substantial settlement payments to be paid over what was generally a three to four month period, to "investors," in return for payment from the "investors" of a substantially discounted amount. Pursuant to these settlement agreement related "investments," RRA guaranteed investors returns of between 60% and 600% *per annum*.

## ALLEGATIONS SPECIFIC TO THE DEFENDANTS

16.    From 2006 through 2009, the Defendants received Transfers from RRA in various forms, which the Trustee now seeks to recover.

17.    Stone received transfers from RRA referred to in RRA records as "professional fees," "outside services," "consulting" or "loan +/-" (the "Stone Transfers") totaling $216,633.38.  The dates and amounts of each of the Stone transfers are listed in the attached Exhibit A.

18.    Drake received transfers from RRA referred to in RRA records as "fee/cost income," "rent," or "professional fees" (the "Drake Transfers") totaling $148,000.00. The dates and amounts of each of the Drake Transfers are listed in the attached Exhibit B.

19.    In the four-year period prior to the commencement of this case, RRA paid the Defendants, both directly and indirectly, nearly $400,000 that did not relate to the operation of RRA, or confer any benefit upon, or provide value to RRA.

---

[5] *See Plea Agreement*, p. 9; Defendant's Sentencing Memorandum [D.E. 272-2, *Criminal Case*, p. 1].

## COUNT I – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE
### [Against Stone]

20.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19 and incorporates those allegations by reference.

21.     RRA made transfers to Stone within the two year period prior to the Petition Date. All of those transfers made between November 10, 2007, and November 10, 2009, were made by RRA within the two year period prior to the Petition Date (the "Stone Two Year Transfers"). The dates and amounts of the Stone Two Year Transfers are listed in attached Exhibit C.

22.     The Stone Two Year Transfers constituted the transfer of an interest of the Debtor in property.

23.     RRA made the Stone Two Year Transfers to Stone with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee requests the Court enter a Judgment:

a.     Declaring the Stone Two Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

b.     Avoiding the Stone Two Year Transfers as fraudulent transfers in violation of Section 548(a)(1)(A) of the Bankruptcy Code;

c.     Requiring the payment of the Stone Two Year Transfers to the Trustee; and

d.     Granting such other and further relief as may be just and proper.

5

## COUNT II – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE
### [Against Stone]

24.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 21, and 22 and incorporates those allegations by reference.

25.     RRA received less than reasonably equivalent value in exchange for the Stone Two Year Transfers, and;

a.      was insolvent on the dates that such transfers were made or such obligations were incurred, or became insolvent as a result of such transfers or obligations;

b.      was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

c.      RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Judgment:

a.      Declaring the Stone Two Year Transfers to have been fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

b.      Avoiding the Stone Two Year Transfers as fraudulent transfers in violation of § 548(a)(1)(B) of the Bankruptcy Code;

c.      Requiring the payment of the Stone Two Year Transfers to the Trustee; and

d.      Granting such other and further relief as may be just and proper.

6

### COUNT III – AVOIDANCE OF FRAUDULENT TRANSFERS
### PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
### AND SECTION 726.105(1)(a) OF THE FLORIDA STATUTES
#### [Against Stone]

26.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, and incorporates those allegations by reference.

27.     RRA made transfers to Stone within the four year period prior to the Petition Date. All of those transfers made between November 10, 2005, and November 10, 2009, were made by RRA within the four year period prior to the Petition Date (the "Stone Four Year Transfers"). The dates and amounts of the Stone Four Year Transfers are listed in attached Exhibit D.

28.     The Stone Four Year Transfers constituted the transfer of an interest of the Debtor in property.

29.     The Stone Four Year Transfers were made by RRA with the actual intent to hinder, delay or defraud a creditor of RRA.

30.     The Stone Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.     Declaring the Stone Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(a) of the Florida Statutes;

b.     Avoiding the Stone Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(a) of the Florida Statutes;

c.     Requiring the payment of the Stone Four Year Transfers to the Trustee; and

d.     Granting such other and further relief as may be just and proper.

7

## COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(b) OF THE FLORIDA STATUTES
### [Against Stone]

31.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 27, and 28 and incorporates those allegations by reference.

32.     RRA received less than reasonably equivalent value in exchange for the Stone Four Year Transfers, and

a.      was engaged or was about to engage in business or a transaction for which the remaining assets of RRA were unreasonably small in relation to its business or transaction; or

b.      intended to incur, or believed it would incur, debts that would be beyond RRA's ability to pay as they became due.

33.     The Stone Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(b) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.      Declaring the Stone Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

b.      Avoiding the Stone Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(b) of the Florida Statutes;

c.      Requiring the payment of the Stone Four Year Transfers to the Trustee; and

d.      Granting such other and further relief as may be just and proper.

8

### COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES
### [Against Stone]

34.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 27 and 28 and incorporates those allegations by reference.

35.     RRA made the Stone Four Year Transfers without receiving reasonably equivalent value in exchange for the Stone Four Year Transfers.

36.     RRA was insolvent at that times of the Stone Four Year Transfers or became insolvent as a result of the Stone Four Year Transfers, and a creditor(s) existed at the time of each of the Stone Four Year Transfers.

37.     The Stone Four Year Transfers are avoidable under Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.     Declaring the Stone Four Year Transfers to have been fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

b.     Avoiding the Stone Four Year Transfers as fraudulent transfers in violation of Section 726.106(1) of the Florida Statutes;

c.     Requiring the payment of the Stone Four Year Transfers to the Trustee; and

d.     Granting such other and further relief as may be just and proper.

### COUNT VI – FRAUDULENT TRANSFERS PURSUANT TO SECTION 548(a)(1)(A) OF THE BANKRUPTCY CODE
### [Against Drake]

38.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19 and incorporates those allegations by reference.

9

39.     RRA made a transfer to Drake within the two year period prior to the Petition Date.  All of the transfers made between November 10, 2007, and November 10, 2009, were made by RRA within the two year period prior to the Petition Date (the "Drake Two Year Transfers").  The date and amount of the Drake Two Year Transfer is listed in attached Exhibit E.

40.     The Drake Two Year Transfer constituted the transfer of an interest of the Debtor in property.

41.     RRA made the Drake Two Year Transfer to Drake with the actual intent to hinder, delay or defraud an entity to which RRA was or became, on or after the date such transfers were made, indebted.

**WHEREFORE**, the Trustee requests the Court enter a Judgment:

a.     Declaring the Drake Two Year Transfer to have been a fraudulent transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code.

b.     Avoiding the Drake Two Year Transfer as a fraudulent transfer in violation of Section 548(a)(1)(A) of the Bankruptcy Code;

c.     Requiring the payment of the Drake Two Year Transfer to the Trustee; and

d.     Granting such other and further relief as may be just and proper.

## COUNT VII – FRAUDULENT TRANSFERS
## PURSUANT TO SECTION 548(a)(1)(B) OF THE BANKRUPTCY CODE
### [Against Drake]

42.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 39, and 40 and incorporates those allegations by reference.

43.     RRA received less than reasonably equivalent value in exchange for the Drake Two Year Transfer, and;

        a.      was insolvent on the dates that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

        b.      was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with RRA was an unreasonably small capital; or

        c.      RRA intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

        **WHEREFORE**, the Trustee respectfully requests that the Court enter an Judgment:

        a.      Declaring the Drake Two Year Transfer to have been a fraudulent transfer pursuant to Section 548(a)(1)(B) of the Bankruptcy Code;

        b.      Avoiding the Drake Two Year Transfer as a fraudulent transfer in violation of § 548(a)(1)(B) of the Bankruptcy Code;

        c.      Requiring the payment of the Drake Two Year Transfer to the Trustee; and

        d.      Granting such other and further relief as may be just and proper.

## COUNT VIII – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(a) OF THE FLORIDA STATUTES
### [Against Drake]

44.     Plaintiff realleges the allegations set forth in paragraphs 1 through 19, and incorporates those allegations by reference.

45.     RRA made transfers to Drake within the four year period prior to the Petition Date.  All of those transfers made between November 10, 2005, and November 10, 2009, were

made by RRA within the four year period prior to the Petition Date (the "Drake Four Year Transfers").  The dates and amounts of the Drake Four Year Transfers are listed in attached Exhibit F.

46.    The Drake Four Year Transfers constituted the transfer of an interest of the Debtor in property.

47.    The Drake Four Year Transfers were made by RRA with the actual intent to hinder, delay or defraud a creditor of RRA.

48.    The Drake Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(a) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.    Declaring the Drake Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(a) of the Florida Statutes;

b.    Avoiding the Drake Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(a) of the Florida Statutes;

c.    Requiring the payment of the Drake Four Year Transfers to the Trustee; and

d.    Granting such other and further relief as may be just and proper.

**COUNT IX – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.105(1)(b) OF THE FLORIDA STATUTES**
**[Against Drake]**

49.    Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 45, and 46 and incorporates those allegations by reference.

50.    RRA received less than reasonably equivalent value in exchange for the Drake Four Year Transfers, and

a.  was engaged or was about to engage in business or a transaction for which the remaining assets of RRA were unreasonably small in relation to its business or transaction; or

b.  intended to incur, or believed it would incur, debts that would be beyond RRA's ability to pay as they became due.

51.  The Drake Four Year Transfers may be avoided under Section 544 of the Bankruptcy Code and Section 726.105(1)(b) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.  Declaring the Drake Four Year Transfers to have been fraudulent transfers pursuant to Section 726.105(1)(b) of the Florida Statutes;

b.  Avoiding the Drake Four Year Transfers as fraudulent transfers in violation of Section 726.105(1)(b) of the Florida Statutes;

c.  Requiring the payment of the Drake Four Year Transfers to the Trustee; and

d.  Granting such other and further relief as may be just and proper.

**COUNT X – AVOIDANCE OF FRAUDULENT TRANSFERS
PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE
AND SECTION 726.106(1) OF THE FLORIDA STATUTES**
**[Against Drake]**

52.  Plaintiff realleges the allegations set forth in paragraphs 1 through 19, 45 and 46 and incorporates those allegations by reference.

53.  RRA made the Drake Four Year Transfers without receiving reasonably equivalent value in exchange for the Drake Four Year Transfers.

54.  RRA was insolvent at that times of the Drake Four Year Transfers or became insolvent as a result of the Drake Four Year Transfers, and a creditor(s) existed at the time of each of the Drake Four Year Transfers.

55.     The Drake Four Year Transfers are avoidable under Section 544 of the Bankruptcy Code and Section 726.106(1) of the Florida Statutes.

**WHEREFORE**, the Trustee respectfully requests the Court enter a Judgment:

a.     Declaring the Drake Four Year Transfers to have been fraudulent transfers pursuant to Section 726.106(1) of the Florida Statutes;

b.     Avoiding the Drake Four Year Transfers as fraudulent transfers in violation of Section 726.106(1) of the Florida Statutes;

c.     Requiring the payment of the Drake Four Year Transfers to the Trustee; and

d.     Granting such other and further relief as may be just and proper.

## COUNT XI – RECOVERY OF PROPERTY
## PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

56.     Plaintiff realleges the allegations set forth in paragraphs 1 through 55, and incorporates those allegations by reference.

57.     The Stone Two Year Transfers, the Stone Four Year Transfers, the Drake Two Year Transfer and the Drake Four Year Transfers, (collectively the "Transfers") are avoidable pursuant to Sections 544 and 548 of the Bankruptcy Code and, as a result, the Transfers are recoverable by Plaintiff pursuant to Section 550 of the Bankruptcy Code.

58.     The Defendants were the initial transferees of the Transfers and/or the individual or entity for whose benefit the Transfers were made.

**WHEREFORE**, the Plaintiff requests that the Court enter a Judgment:

a.     Declaring the Defendants to be the initial transferees of the Transfers and/or the individual or entity for whose benefit the Transfers were made;

b.     Directing the Defendants to turn over to Plaintiff the Transfers, plus

14

interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law;

        c.      Disallowing any claims held by the Defendants and/or their assignee(s) in accordance with Section 502(d) of the Bankruptcy Code;

        d.      Disallowing any claims held by the Defendants and/or their assignee(s) in accordance with Section 502(j) of the Bankruptcy Code; and

        e.      Granting such other and further relief as may be just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 2090-1(a).

**DATED** this 21st day of September, 2011.

BERGER SINGERMAN, P.A.
Attorneys for the Trustee, Herbert Stettin


By:  */s/ Charles H. Lichtman*
        Charles H. Lichtman, Esq.
        Fla. Bar No. 501050
        clichtman@bergersingerman.com
        Stefanie C. Moon
        Fla. Bar No. 0074195
        smoon@bergersingerman.com
        Berger Singerman, P.A.
        350 East Las Olas Blvd.
        Suite 1000
        Fort Lauderdale, Florida 33301
        Main Line: (954) 525-9900
        Facsimile: (954) 523-2872

3748476-2

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|------|---------------|----------|
| 06/02/06 | 15756 | $22,000.00 |
| 06/26/06 | 15974 | $14,633.38 |
| 12/31/07 | 22847 | $60,000.00 |
| 11/03/08 | 25803 | $25,000.00 |
| 01/09/09 | 25898 | $20,000.00 |
| 09/09/09 | 3712 | $75,000.00 |
| | **TOTAL** | **$216,633.38** |

EXHIBIT A

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|------|---------------|----------|
| 08/15/06 | 16734 | $25,000.00 |
| 11/30/06 | 17817 | $1,000.00 |
| 12/28/06 | 18080 | $27,000.00 |
| 12/29/06 | 18215 | $18,000.00 |
| 03/08/07 | 18912 | $10,000.00 |
| 03/16/07 | 19038 | $50,000.00 |
| 05/15/07 | 19741 | $5,000.00 |
| 08/01/07 | 20909 | $6,000.00 |
| 08/27/07 | 21185 | $1,000.00 |
| 12/19/07 | 23542 | $5,000.00 |
| | **TOTAL** | **$148,000.00** |

EXHIBIT B

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|---|---|---|
| 12/31/07 | 22847 | $60,000.00 |
| 11/03/08 | 25803 | $25,000.00 |
| 01/09/09 | 25898 | $20,000.00 |
| 09/09/09 | 3712 | $75,000.00 |
|  | **TOTAL** | **$180,000.00** |

EXHIBIT C

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|------|---------------|----------|
| 06/02/06 | 15756 | $22,000.00 |
| 06/26/06 | 15974 | $14,633.38 |
| 12/31/07 | 22847 | $60,000.00 |
| 11/03/08 | 25803 | $25,000.00 |
| 01/09/09 | 25898 | $20,000.00 |
| 09/09/09 | 3712 | $75,000.00 |
| | **TOTAL** | **$216,633.38** |

EXHIBIT D

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| Date | Check Numbers | Payments |
|------|---------------|----------|
| 12/19/07 | 23542 | $5,000.00 |
| | **TOTAL** | **$5,000.00** |

EXHIBIT E

Rothstein Rosenfeldt Adler, P.A.

United States Bankruptcy Court

Southern District of Florida

Ft. Lauderdale Division

Case No. 09-34791-BKC-RBR

| *Date* | *Check Numbers* | *Payments* |
|---|---|---|
| 08/15/06 | 16734 | $25,000.00 |
| 11/30/06 | 17817 | $1,000.00 |
| 12/28/06 | 18080 | $27,000.00 |
| 12/29/06 | 18215 | $18,000.00 |
| 03/08/07 | 18912 | $10,000.00 |
| 03/16/07 | 19038 | $50,000.00 |
| 05/15/07 | 19741 | $5,000.00 |
| 08/01/07 | 20909 | $6,000.00 |
| 08/27/07 | 21185 | $1,000.00 |
| 12/19/07 | 23542 | $5,000.00 |
| | **TOTAL** | **$148,000.00** |

EXHIBIT F